# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **RICHARD PIOTROWSKI,** | : | **C.A. No. 06-631-SLR** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **TRIAL BY JURY OF TWELVE** |
| | : | **DEMANDED** |
| **MAO M. IAN and SUI MAI,** | : | |
| | : | |
| **Defendants/Third-Party Plaintiffs,** | : | |
| | : | |
| v. | : | |
| | : | |
| ~~**HANOVER INSURANCE COMPANY,**~~ | : | |
| **ALLSTATE INSURANCE COMPANY,** | : | |
| | : | |
| **Third-Party Defendant.** | : | |

### DEFENDANTS/THIRD PARTY PLAINTIFFS' MOTIONS TO DISMISS AND TO AMEND THE THIRD-PARTY COMPLAINT

COMES NOW, Defendants/Third-Party Plaintiffs, by and through counsel, Chrissinger and Baumberger, and hereby motions to amend the Defendants' pleading by allowing the joinder of a third-party defendant to this action . In support of the preceding, Defendant asserts the following:

1.       The motor vehicle accident under consideration occurred on or about November 4, 2004, allegedly resulting in injuries to the Plaintiff.  Plaintiff filed a complaint on or about October 10, 2006, alleging that Defendant's supposed negligence led to the Plaintiff's injuries.

2.       However, the Defendant's actions regarding the incident in question were a direct result of a third party's negligent actions. (See Defendant's Third-Party Complaint, attached hereto as Exhibit "A").

3.       Because the accident was caused by an unknown driver who forced Defendants into Plaintiff's vehicle, Plaintiff's insurance company stands in the shoes of the unknown driver.

(See Exhibit "A").  Defendant/Third-Party Plaintiff's Third-Party Complaint against Allstate is attached as Exhibit "B".

4.      Because the police report incorrectly identified Hanover Insurance Company as Plaintiff's insurance provider, Defendants mistakenly filed the Third-Party Complaint against Hanover.  (See police report attached hereto as Exhibit "C").

5.      On December 27, 2006, Third-Party Defendant notified Defendant/Third-Party Plaintiff of the mistake in the police report, noting that Allstate Insurance Company was Plaintiff's insurance provider.  (See Dec. 27, 2006 Letter attached hereto as Exhibit "D").

6.      Defendant requests the Court allow the addition of Allstate Insurance Company as a third-party defendant, pursuant to Del. Super. Civ. R. 14(a).  Allstate may be liable as the sole tort-feasor or contributor for all or part of the Plaintiff's claim against the Defendant. *McMichael v. Delaware Coach Company*, 107 A.2d 895 (Del. 1954). See also *Ingerman v. Bonder*, 77 A.2d 591 (Del. 1950).

7.      The permissive joinder of Allstate Insurance Company to this claim would provide judicial economy, avoiding the multiplicity of suits.  *Novak v. Tigani*, 110 A.2d 298 (Del. 1954).

8.      Superior Court Civil Rule 15(a) states that a party may amend a pleading, after a responsive pleading has been filed, by leave of the Court.  Said leave shall be freely given when justice so requires.  *Del. Super. Civ. R. 15(a).* This amendment to the Defendant's pleadings is legally viable under Del. Super. Civ. R. 15(c), and arises out of the same transaction as the original pleading. *Dickens v. Costello*, WL 1463106 (Del. Super. 2002). See also *Mullen v. Alarmguard of Delmarva*, 625 A.2d 258 (Del. 1993). Amendments to pleadings pursuant to Del. Super. Civ. R. 15 are to be freely allowed in the absence of prejudice to the opposing party, as is the case in this matter. *Chrysler Corp v. New Castle County*, 464 A.2d 75 (Del. Super. Ct. 1983). Even if some prejudice to the adverse party is found, that prejudice must be weighed against the

hardship to the moving party if he is denied leave to amend. *Paul v. Chromalytics Corp.*, 343 A.2d 622 (Del. Super. 1975).

**WHEREFORE**, Defendants Mao M. Ian and Sui Mai respectfully request that this Court enter an Order granting Defendants' Motions to Dismiss Hanover Insurance Company and Amend the Third-Party Complaint.

**CHRISSINGER & BAUMBERGER**

/s/David L. Baumberger
**DAVID L. BAUMBERGER**
Bar I.D. #2420
Three Mill Road, Suite 301
Wilmington, DE 19806
(302) 777-0100
Attorney for Defendant/Third-Party Plaintiffs

Dated: April 24, 2007

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **RICHARD PIOTROWSKI,** | : | **C.A. No. 06-631-SLR** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **TRIAL BY JURY OF TWELVE** |
| | : | **DEMANDED** |
| **MAO M. IAN and SUI MAI,** | : | |
| | : | |
| **Defendants/Third-Party Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| ~~**HANOVER INSURANCE COMPANY,**~~ | : | |
| **ALLSTATE INSURANCE COMPANY,** | : | |
| | : | |
| **Third-Party Defendant.** | : | |

## <u>ORDER</u>

IT IS HEREBY ORDERED, this _____ day of _____, 2007, that Defendants/Third-Party Plaintiffs' Motions to Dismiss Hanover Insurance Company and to amend the Third-Party Complaint by adding Allstate Insurance Company as a Third-Party Defendant are hereby GRANTED.

_____
J.

## <u>CERTIFICATE OF MAILING</u>

I, DAVID L. BAUMBERGER, hereby certify that on this 24th day of April, 2007 I have

had electronically e-filed on LexisNexis Defendants/Third-Party Plaintiffs' Motions to Dismiss

Hanover Insurance Company and to Amend the Third-Party Complaint to be served on the

following:

> James P. Hall
> Phillips, Goldman & Spence
> 1200 North Broom Street
> Wilmington, DE 19806

## <u>BY U.S. MAIL</u>

Hanover Insurance Company        Allstate Insurance Company
Legal Department                 5325 Nottingham Drive, Suite E
440 Lincoln Street               Baltimore, MD  21236
Worcester, MA  01653

**CHRISSINGER & BAUMBERGER**

**/s/ David L. Baumberger**             
**DAVID L. BAUMBERGER**
Bar I.D. #2420
Three Mill Road, Suite 301
Wilmington, DE 19806
(302) 777-0100
Attorney for Defendant/Third-Party Plaintiffs

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICHARD PIOTROWSKI, | : | C.A. No. 06-631 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **TRIAL BY JURY OF TWELVE** |
| | : | **DEMANDED** |
| MAO M. IAN and SUI MAI, | : | |
| | : | |
| Defendants/Third-Party Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| HANOVER INSURANCE COMPANY, | : | |
| | : | |
| Third-Party Defendant. | : | |

## DEFENDANTS/THIRD PARTY PLAINTIFFS' ANSWER TO COMPLAINT WITH THIRD-PARTY COMPLAINT

1.    Admitted.

2.    Answering Defendants are without sufficient knowledge to affirm or deny the averments of this paragraph.

3.    Admitted.

4.    It is admitted only that a collision occurred between the vehicles.

5.    Denied.

6.    Denied.

7.    Denied.

8.    Denied.

9.    Denied.

10.    Denied.

11.    Denied.

## COUNT I
## RICHARD PIOTROWSKI v. MAO M. IAN

12.    Answering defendants incorporate herein by reference their responses to paragraphs 1

through 11.

13.    Denied.

14.    Denied.

## COUNT II
## RICHARD PIOTROWSKI V. SUI MAI

15.    Answering defendants incorporate herein by reference their responses to paragraphs 1

through 14.

16.    Denied.

17.    Denied.

**WHEREFORE,** Answering Defendants demand judgment in their favor and dismissal of

plaintiff's complaint with costs of this action assessed against the plaintiff.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEENSE

18.    Service of process if incomplete and improper.

## SECOND AFFIRMATIVE DEFENSE

19.    The claims asserted by plaintiff were proximately caused by an intervening and/or

superseding cause.

### THIRD AFFIRMATIVE DEFENSE

20.    The accident was unavoidable.

## FOURTH AFFIRMATIVE DEFENSE

21.    The accident was caused by a sudden emergency not of the answering defendants' making.

## FIFTH AFFIRMATIVE DEFENSE

22.    The complaint fails to join an indispensable party.

## SIXTH AFFIRMATIVE DEFENSE

23.    The injuries alleged preexisted the incident alleged in plaintiff's complaint or are otherwise not related to the alleged incident.

## SEVENTH AFFIRMATIVE DEFENSE

24.    Answering defendants deny any liability whatsoever.  If found liable, however, the answering defendants contend that the accident and any resulting injuries were proximately caused by the negligence of the plaintiff in that he:

      a.    failed to maintain a proper lookout;

      b.    failed to maintain proper control of his vehicle;

      c.    was otherwise negligent.

To the extent that the negligence of the plaintiff is greater than the negligence of the answering defendants, recovery is barred.  Otherwise, any award in favor of the plaintiff must be reduced by his pro rata share of liability.

**WHEREFORE,** Answering Defendants demand judgment in their favor and dismissal of plaintiff's complaint with costs of this action assessed against the plaintiff.

## THIRD-PARTY COMPLAINT

Defendant/Third Party Plaintiffs Ian M. Mao and Sui Mai, aver as follows:

1.    Defendant Third Party Plaintiffs have been sued by Plaintiff Richard Piotrowski. A copy of the Original Complaint is attached hereto as Exhibit A.

2.    Service can be made on Hanover Insurance Company through the Delaware Insurance Commissioner to 440 Lincoln Street, Worcester, MA 01653

3.    Hanover Insurance Company contracted with Plaintiff Richard Piotrowski to provide automobile insurance to Plaintiff for motor vehicle coverage including, pursuant to the Pennsylvania Statutory Law, uninsured motorist coverage.

4.    Defendant/Third Party Plaintiff, has denied liability to the Plaintiff for the matters alleged in the Plaintiff's Complaint, attached hereto as Exhibit A. However, Third Party Plaintiffs assert that if held responsible to the Plaintiff for any and sums whatsoever arising from the accident alleged in Exhibit A, then Third Party Plaintiff is entitled to indemnification and/or contribution from the Third Party Defendant.

5.    Third Party Plaintiffs assert that they are entitled to indemnification and /or contribution from Hanover Insurance Company, as Hanover stands in the shoes of a phantom vehicle and its operator that was the proximate cause of the alleged accident and injuries in the Original Complaint.

6.    Third Party Defendant, by and through Hanover Insurance Company, is entitled to indemnity and contribution for the negligence of the unknown phantom vehicle that pulled into the path of the Defendant/Third Party Plaintiff on US. Route 13 on or about November 4, 2004. The unknown phantom vehicle's operator was negligent in that he/she failed to keep control of the vehicle, failed to yield to oncoming traffic with the right of way, failed to remain stopped while entering a highway until it was safe to do so, and otherwise was careless and negligent in a manner proximately causing the accident alleged in the Original Complaint of the Plaintiff.

7.    As a result of the negligence of the phantom vehicle's operator, Defendant/Third Party Plaintiff swerved to avoid the vehicle, and as a result contacted the vehicle of the Plaintiff. As a

result, Third Party Plaintiff has been caused to appear and answer for the allegations contained in the Original Complaint.

**WHEREFORE**, to the extent the Defendants/Third Party Plaintiffs are found liable for any amount of damages to the Plaintiff, then Third Party Plaintiff is entitled to indemnity and/or contribution for any and all such amounts, plus costs and expenses associated and incurred as a result of defending this claim.

CHRISSINGER & BAUMBERGER

/s/David L. Baumberger
DAVID L. BAUMBERGER
Attorney I.D. No. 2420
Three Mill Road, Suite 301
Wilmington, DE  19806
(302) 777-0100

DATED:  December 11, 2006        Attorney for Defendants/Third-Party Plaintiffs

<u>CERTIFICATE OF SERVICE</u>

I, **DAVID L. BAUMBERGER, ESQUIRE,** hereby certify that on this 5th day of December, 2006, I have had served electronically a true and correct copy of the attached *DEFENDANTS/THIRD PARTY PLAINTIFFS' ANSWER TO COMPLAINT AND THIRD-PARTY COMPLAINT* to the following:

> Nicholas J. Renzi, Esquire
> Stampone D'Angelo Renzi DiPiero
> 500 Cottman Avenue
> Cheltenham, PA 19012

> **CHRISSINGER & BAUMBERGER**

> /s/David L. Baumberger
> DAVID L. BAUMBERGER
> Attorney I.D. No. 2420
> Three Mill Road, Suite 301
> Wilmington, DE 19806
> (302)777-0100
> Attorney for Defendants/Third-Party Plaintiffs

**Answers to Complaints**

1:06-cv-00631-SLR Piotrowski v. Ian et al

**U.S. District Court**

**District of Delaware**

**Notice of Electronic Filing**

The following transaction was entered by Baumberger, David on 12/11/2006 at 2:51 PM EST and filed on 12/11/2006

| | |
|---|---|
| **Case Name:** | Piotrowski v. Ian et al |
| **Case Number:** | 1:06-cv-631 |
| **Filer:** | Mao M. Ian |
| | Sui Mai |

**Document Number:** 7

**Docket Text:**
ANSWER to Complaint with Twelve, THIRD PARTY COMPLAINT against Hanover Insurance Company by Mao M. Ian, Sui Mai.(Baumberger, David)

**1:06-cv-631 Notice has been electronically mailed to:**

James P. Hall     tlb@pgslaw.com

**1:06-cv-631 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=12/11/2006] [FileNumber=314154-0
] [07571802560efb2572c3a67954e9f324bc75711b0147d8b667091d57c49699991ce
41586f9b43141a6f11901d68e079d0a9fb58fbcbe0ddb882b46473474e09a]]

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **RICHARD PIOTROWSKI,** | : | **C.A. No. 06-631-SLR** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **TRIAL BY JURY OF TWELVE** |
| | : | **DEMANDED** |
| **MAO M. IAN and SUI MAI,** | : | |
| | : | |
| **Defendants/Third-Party** | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ALLSTATE INSURANCE COMPANY,** | : | |
| | : | |
| **Third-Party Defendant.** | : | |

## DEFENDANTS/ THIRD PARTY PLAINTIFFS' COMPLAINT

Defendant/Third Party Plaintiffs Ian M. Mao and Sui Mai, aver as follows:

1.     Defendant Third Party Plaintiffs have been sued by Plaintiff Richard Piotrowski. A copy of the Original Complaint is attached hereto as Exhibit A.

2.     Service can be made on Allstate Insurance Company at 5325 Nottingham Drive, Suite E, Baltimore, MD 21236.

3.     Allstate Insurance Company contracted with Plaintiff Richard Piotrowski to provide automobile insurance to Plaintiff for motor vehicle coverage including, pursuant to the Pennsylvania Statutory Law, uninsured motorist coverage.

4.     Defendant/Third Party Plaintiff, has denied liability to the Plaintiff for the matters alleged in the Plaintiff's Complaint, attached hereto as Exhibit A. However, Third Party Plaintiffs assert that if held responsible to the Plaintiff for any and sums whatsoever arising from the accident alleged in Exhibit A, then Third Party Plaintiff is entitled to indemnification and/or contribution from the Third Party Defendant.

5.    Third Party Plaintiffs assert that they are entitled to indemnification and /or contribution from Allstate Insurance Company, as Allstate stands in the shoes of a phantom vehicle and its operator that was the proximate cause of the alleged accident and injuries in the Original Complaint.

6.    Third Party Defendant, by and through Allstate Insurance Company, is entitled to indemnity and contribution for the negligence of the unknown phantom vehicle that pulled into the path of the Defendant/Third Party Plaintiff on US. Route 13 on or about November 4, 2004. The unknown phantom vehicle's operator was negligent in that he/she failed to keep control of the vehicle, failed to yield to oncoming traffic with the right of way, failed to remain stopped while entering a highway until it was safe to do so, and otherwise was careless and negligent in a manner proximately causing the accident alleged in the Original Complaint of the Plaintiff.

7.    As a result of the negligence of the phantom vehicle's operator, Defendant/Third Party Plaintiff swerved to avoid the vehicle, and as a result contacted the vehicle of the Plaintiff. As a result, Third Party Plaintiff has been caused to appear and answer for the allegations contained in the Original Complaint.

    **WHEREFORE**, to the extent the Defendants/Third Party Plaintiffs are found liable for any amount of damages to the Plaintiff, then Third Party Plaintiff is entitled to indemnity and/or contribution for any and all such amounts, plus costs and expenses associated and incurred as a result of defending this claim.

                                        CHRISSINGER & BAUMBERGER

                                        /s/David L. Baumberger_____
                                        DAVID L. BAUMBERGER
                                        Attorney I.D. No. 2420
                                        Three Mill Road, Suite 301
                                        Wilmington, DE  19806
                                        (302) 777-0100
DATED:  April 24, 2007                  Attorney for Defendants/Third-Party Plaintiffs

# EXHIBIT C

# STATE OF DELAWARE
## UNIFORM TRAFFIC
## COLLISION REPORT

| ☐ REPORTABLE PROPERTY DAMAGE | 2 ☐ AGENCY ☐ LATE RT ☐ NON-RATABLE | | COMPLAINT NO. |
|---|---|---|---|
| ☐ PERSONAL INJURY | ☐ HAZ/MAT. | TROOP/DEPARTMENT 2 OSP | |
| ☐ FATALITY | ☐ COMM. VEH. | | 5148 |

OSP HQ. NO. (LEAVE BLANK) 5204/25913

| 3. MON. - DATE - YEAR | 4. DAY | 5. TIME OCCURRED | 6. NOTIFIED | 7. ARRIVED | 8. GRID NO. | 9. SECTOR | 12. LIGHT CONDITION |
|---|---|---|---|---|---|---|---|
| 11/04/04 | TH | 1738 | | | | 1 | |

| 10. NUMBER & NAME OF STREET OR HIGHWAY · CTY. RTE. NO. · INTERSECTING WITH STREET OR ROAD - CTY. RTE. NO. | 13. WEATHER CONDITION |
|---|---|
| RT 13 NB S. dupont HWY ct#38 | |
| INTERSECTING WITH STREET OR ROAD - CTY. RTE. NO. | 14. SURFACE CONDITION |
| 11. NON-INTERSECT. 232 MILES ☐ FEET ☒ NE ☐ SW OF: RT223 Frenchtown Rd ct#55 | |

| 16. PRIM. CONTRIB. CIRCUM. | 8. SPEED TOO FAST | 11. DISREGARD TRAFFIC SIGNAL | 14. FOLLOWING TOO CLOSE | 17. MECH. DEFECT | 15. TRAFFIC CONTROL |
|---|---|---|---|---|---|
| | 9. FAIL TO YIELD RCW | 12. DROVE LEFT OF CENTER | 15. MADE IMPROPER TURN | | 16. FUNCT. PROPER |
| | 10. PASSED STOP SIGN | 13. IMPROPER PASSING | 16. DRIVING UNDER INFLUENCE | CITY OR TOWN | |

| 17. COLLISION INVOLVED | 18. ON RDWY. | 19. EMERG. RESPON. | 20. ___ MILES ☐NE IN: ☐SW OF: | 21. CTY. | 22. CODE | 23. MILE POINT |
|---|---|---|---|---|---|---|

| | 24. NAME LAST FIRST M.I. | 24. NAME LAST FIRST M.I. |
|---|---|---|
| NO. 1 | Piotrowski Richard | NO. 2 Ian Mao M |
| 25. STREET ADDRESS | 1006 12½ Ave | 25. STREET ADDRESS 28 Cannon Run |
| 26. CITY / 27. STATE / 28. ZIP / 29. PHONE | Ridley Park PA 19078 610-383-1405 | 26. CITY Newark 27. STATE DE 28. ZIP 19702 29. PHONE 456-0432 |
| 30. DRIVERS LICENSE NO. / 31. STATE / 32. DOB / 33. AGE / 34. SEX | M F | 30. DRIVERS LICENSE NO. 31. STATE 32. DOB 33. AGE 34. SEX M F |
| 35. SOBRIETY / 36. TESTED / 37. TYPE / RESULT 0.___% | TEST NUMBER | 35. SOBRIETY 36. TESTED 37. TYPE RESULT 0.___% TEST NUMBER 41. BODY STYLE |
| 38. VEHICLE YR. / 39. VEHICLE MAKE / 40. MODEL / 41. BODY STYLE | 2007 Ford F150 | 38. VEHICLE YR. 1994 39. VEHICLE MAKE Toyota 40. MODEL Corolla |
| 42. REGISTRATION NO. / 43. STATE / 44. COLOR / 45. DAMAGE / 46. TRAILERS | C84470 DE $200 0 1 2 3 | 42. REGISTRATION NO. 586811 43. STATE DE 44. COLOR 45. DAMAGE $700 46. TRAILERS 0 1 2 3 |
| 47. VEHICLE/TRACTOR OWNER: LAST FIRST STATE | | 47. VEHICLE/TRACTOR OWNER: LAST FIRST M.I. STATE |
| 48. STREET CITY STATE | | 48. STREET CITY STATE |
| 49. INSURANCE COMPANY / NUMBER | Hanover Ins. H84PA107PA | 49. INSURANCE COMPANY Liberty Mutual NUMBER A02238009356101 |
| 50. CHARGE/SECTION NO. / 51. ARREST NO. | | 50. CHARGE/SECTION NO. 51. ARREST NO. |
| 52. NO. 1 TOWED BY: | | 52. NO. 2 TOWED BY: |

| CODE | WITNESS INFORMATION: (NAME, ADDRESS, PHONE NO., LOCATION) |
|---|---|
| 55. | |

V1 RT 13 nfb in the RT turn Ln. V2 was
RT 13 nfb in the RT turn Ln behind V1. A
NCV had pulled out of sheridan nissan
parking Lot to RT 13 nfb cutting in front of V2.
V2 swerved left then RT into the RT turn
Ln. V2's left front end struck V1's rear bumper
for POI approx 15 w/o EFOR. The NCV continued
RT 13 nfb after POI.
    OP1 stated he was travelling at a slow rate
of speed in the RT ThruLn when he was struck
from behind by V2.

| 56. INVESTIGATING OFFICER | RANK | I.D. NUMBER | 57. SUPERVISOR'S APPROVAL DATE | 58. REVIEWER | 59. PAGE 1 OF 2 |
|---|---|---|---|---|---|
| Kuhn | Cpl/3 | 3725 | DJS 652/110904 | 202 | |

FORM 438 REV. 1/88

| 24. NAME | | | FIRST | M.I. | 24. NAME | | | FIRST | M.I. |
|---|---|---|---|---|---|---|---|---|---|
| NO. 3 | | | | | NO. 4 | | | | |

| 25. STREET ADDRESS | | | | 25. STREET ADDRESS | | | |
|---|---|---|---|---|---|---|---|

| 26. CITY | 27. STATE | 28. ZIP | 29. PHONE | 26. CITY | 27. STATE | 28. ZIP | 29. PHONE |
|---|---|---|---|---|---|---|---|

| 30. DRIVERS LICENSE NO. | 31. STATE | 32. DOB | 33. AGE | 34. SEX M F | 30. DRIVERS LICENSE NO. | 31. STATE | 32. DOB | 33. AGE | 34. SEX M F |
|---|---|---|---|---|---|---|---|---|---|

| 35. SOBRIETY | 36. TESTED | 37. TYPE | RESULT 0. _____% | TEST NUMBER | 35. SOBRIETY | 36. TESTED | 37. TYPE | RESULT 0. _____% | TEST NUMBER |
|---|---|---|---|---|---|---|---|---|---|

| 38. VEHICLE YR. | 39. VEHICLE MAKE | 40. MODEL | | 41. BODY STYLE | 38. VEHICLE YR. | 39. VEHICLE MAKE | 40. MODEL | | 41. BODY STYLE |
|---|---|---|---|---|---|---|---|---|---|

| 42. REGISTRATION NO. | 43. STATE | 44. COLOR | 45. DAMAGE $ | 46. TRAILERS 0 1 2 3 | 42. REGISTRATION NO. | 43. STATE | 44. COLOR | 45. DAMAGE $ | 46. TRAILERS 0 1 2 3 |
|---|---|---|---|---|---|---|---|---|---|

| 47. VEHICLE/TRACTOR OWNER: LAST | FIRST | M.I. | 47. VEHICLE/TRACTOR OWNER: LAST | FIRST | M.I. |
|---|---|---|---|---|---|

| 48. STREET | CITY | STATE | 48. STREET | CITY | STATE |
|---|---|---|---|---|---|

| 49. INSURANCE COMPANY | NUMBER | 49. INSURANCE COMPANY | NUMBER |
|---|---|---|---|

| 50. CHARGE/SECTION NO. | 51. ARREST NO. | 50. CHARGE/SECTION NO. | 51. ARREST NO. |
|---|---|---|---|

| 52. NO. 3 TOWED BY: | | 52. NO. 4 TOWED BY: |
|---|---|---|
| TO: | USE THIS SPACE FOR SKETCHING DAMAGE TO TRAILERS, MOTORCYCLES, ETC. | TO: |

53.

N

FEB 0 2 2005

PAGE _____ OF _____

DIAGRAM OF COLLISION

| ☐ 60 CONTINUATION | **STATE OF DELAWARE** | 1. | 2. |
| ☐ 80 SUPPLEMENT | **UNIFORM TRAFFIC** | |
| INITIAL REPORT DATE | **COLLISION REPORT** | 2 DSP |
| OPERATOR #1 | **CONTINUATION/SUPPLEMENT** | TROOP/DEPARTMENT |
| OPERATOR #2 | | |

COMPLAINT NUMBER   0204125-713

DSP HQ. NO. (LEAVE BLANK)   5148

CODE | 55.

OP 2 stated he was RT13 N/B in the RT Turn LN when a dark Black SUV pulled out from the dealership Lot and cut into his LN. OP2 stated he swerved left And RT losing control of V2. OP2 stated that he slid sideways into the rear of V1. OP2 stated the MCV was a Black SUV and cont. RT13 N/B.

| 56. INVESTIGATING OFFICER | RANK | I.D. NUMBER | 57. SUPERVISOR'S APPROVAL DATE | 58. REVIEWER | 59. |
| Kuhn | Cpl/c | 5225 | JT3  632 / 110904 | | PAGE 2 OF 2 |

FORM 439 A REV. 10/87

| ☐ 60. CONTINUATION |
| ☐ 80. SUPPLEMENT |
| INITIAL REPORT DATE |
| OPERATOR #1 |
| OPERATOR #2 |

# STATE OF DELAWARE
## UNIFORM TRAFFIC
## COLLISION REPORT
## INJURY INFORMATION

TROOP/DEPARTMENT

COMPLAINT NUMBER

DSP HQ. NO.(LEAVE BLANK)

5148

**Person 1-1**

| 61. NAME. LAST | FIRST | M.I. | 69. SEX | 70. AGE | 71. VEH # | 72. NO. IN VEH. | 73. SEAT NO. | 74. STATUS | 75. FIRST AID | 76. INJURY CLASS | 77. EJECT | 78-1. RE-STRNT. | 78-2. RESTR. PROPR. | 78-3. PASS. RESTR. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 62. ADDRESS | | | M F | | | | | | | | | | | 68. T & R |
| 63. PHONE | 64. INJURIES | | | | | | | | | | | | | T & A |
| 65. EXAMINED BY DR. | 66. REMOVED BY | | 67. REMOVED TO | | | | | | | | | | | |

**Person 1-2**

| 61. NAME. LAST | FIRST | M.I. | 69. SEX | 70. AGE | 71. VEH # | 72. NO. IN VEH. | 73. SEAT NO. | 74. STATUS | 75. FIRST AID | 76. INJURY CLASS | 77. EJECT | 78-1. RE-STRNT. | 78-2. RESTR. PROPR. | 78-3. PASS. RESTR. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 62. ADDRESS | | | M F | | | | | | | | | | | 68. T & R |
| 63. PHONE | 64. INJURIES | | | | | | | | | | | | | T & A |
| 65. EXAMINED BY DR | 66. REMOVED BY | | 67. REMOVED TO | | | | | | | | | | | |

**Person 1-3**

| 61. NAME. LAST | FIRST | M.I. | 69. SEX | 70. AGE | 71. VEH # | 72. NO. IN VEH. | 73. SEAT NO. | 74. STATUS | 75. FIRST AID | 76. INJURY CLASS | 77. EJECT | 78-1. RE-STPNT. | 78-2. RESTR. PROPR. | 78-3. PASS. RESTR. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 62. ADDRESS | | | M F | | | | | | | | | | | 68. T & R |
| 63. PHONE | 64. INJURIES | | | | | | | | | | | | | T & A |
| 65. EXAMINED BY DR | 66. REMOVED BY | | 67. REMOVED TO | | | | | | | | | | | |

**Person 1-4**

| 61. NAME. LAST | FIRST | M.I. | 69. SEX | 70. AGE | 71. VEH # | 72. NO. IN VEH. | 73. SEAT NO. | 74. STATUS | 75. FIRST AID | 76. INJURY CLASS | 77. EJECT | 78-1. RE-STRNT. | 78-2. RESTR. PROPR. | 78-3. PASS. RESTR. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 62. ADDRESS | | | M F | | | | | | | | | | | 68. T & R |
| 63. PHONE | 64. INJURIES | | | | | | | | | | | | | T & A |
| 65. EXAMINED BY DR | 66. REMOVED BY | | 67. REMOVED TO | | | | | | | | | | | |

**Person 1-5**

| 61. NAME. LAST | FIRST | M.I. | 69. SEX | 70. AGE | 71. VEH # | 72. NO. IN VEH. | 73. SEAT NO. | 74. STATUS | 75. FIRST AID | 76. INJURY CLASS | 77. EJECT | 78-1. RE-STRNT. | 78-2. RESTR. PROPR. | 78-3. PASS. REST. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 62. ADDRESS | | | M F | | | | | | | | | | | 68. T & |
| 63. PHONE | 64. INJURIES | | | | | | | | | | | | | T & A |
| 65. EXAMINED BY DR | 66. REMOVED BY | | 67. REMOVED TO | | | | | | | | | | | |

---

**73 SEAT NO.**

| C A R | 1 | 2 | 3 | | 1 | M/C |
| | 4 | 5 | 6 | | 2 | |
| 9 SW | 7 | 8 | 9 | | | |

10=EXT. OF VEHICLE

**79 POSTED SPEED LIMIT**

VEHICLE #1 _____
VEHICLE #2 _____
VEHICLE #3 _____
VEHICLE #4 _____

**GENERAL**
1. YES
2. NO
3. UNKNOWN
4. N/A
5. PENDING
6. NONE
7. OTHER

**74. STATUS**
66. DRIVER
67. PASSENGER
68. PEDESTRIAN
69. PEDALCYCLIST

**75. FIRST AID**
70. POLICE
71. FIREMAN
72. AMBULANCE
73. REFUSED

**76. INJURY CLASS**
74. POSSIBLE INJURY
75. NON - INCAPACITATING
76. INCAPACITATING INJURY
77. FATAL INJURY

**77. EJECTION**
78. PARTIALLY EJECTED
79. TOTAL EJECTION
80. NO EJECTION

**78. RESTRAINT**

**LAP BELT ONLY**
82. FASTENED
83. NOT FASTENED
**LAP & SHOULDER**
84. LAP ONLY USED
85. NEITHER USED
86. SHOULDER ONLY
87. BOTH USED

**78. RESTRAINT (CONT.)**

**CHILD RESTRAINTS**
88. CHILD RESTR. USED
89. OTHER RESTR. USED
90. NONE USED
**MC HELMET**
91. NONE USED
92. USED
**PASSIVE RESTRAINTS**
93. AIR BAG DEPLOYED
94. AIR BAG INOPERABLE
95. AUTO RESTR. USED
96. AUTO RESTR. INOPER.

**66. REMOVED**
97. AMBULANCE
98. PARAMEDIC
99. HELICOPTER
100. PRIV. OWNED VEH.

**81. IF PEDESTRIAN INVOLVED PLACE CODE IN BLOCK**

PED # 1 ____ PED # 2 ____

101. CROSSING AT INTERS.
102. CROSSING NOT AT INTER
103. WALKING WITH TRAFFIC
104. WALKING AGAINST TRAFF
105. STANDING
106. PUSH OR WORK ON VEH
107. OTHER WORKING
108. PLAYING
109. OTHER (DESCRIBE)

110. NOT IN ROW. ANY ACTIO

FEB 0 2 2005

| 56. INVESTIGATING OFFICER | RANK | I.D. NUMBER | 57. SUPERVISOR'S APPROVAL DATE | 58. REVIEWER | 59. PAGE ____ OF ____ |

FORM 419 REV. 10'87

# EXHIBIT D





December 27, 2006

Chrissinger & Baumberger
Attorneys at Law
Suite 301
Three Mill Road
Wilmington, Delaware 19806

Ref:  Your Clients:  Mao Ian and Sui Mai
      DOL: 11/4/04
      Piotrowski v Mao Ian and Sui Mai v Hanover Insurance Company
      District Court of Delaware C.A. No. 06-631
      Claim# 03-02946

Dear Mr. Baumberger:

This is written in confirmation of my phone conversation with Sharon in your office.

I advised her that although Hanover is listed on the Police Report for the above loss we do not provide coverage for Richard Pitrowski.

The initial adjuster investigation this loss was able to locate a policy and claim number with Allstate.  Richard Piotrowski at the time of this accident was insured by Allstate, Policy No. 901367630 and their claim number is 6643094078.

Based on this information Hanover will not be accepting service on the above referenced matter.  Please advise if you will be voluntarily filing a stipulation  of dismissal with the Court.

I look forward to hearing from you.

Very truly yours

Carolyn Davidson
Sr. Litigation Adjuster