## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

RICHARD PIOTROWSKI,        :
    *Plaintiff*           :     C.A. No. 06-631
                       :
VS.                 :
                       :
MAO M. IAN AND SUI MAI,    :
    *Defendants/Third-Party Plaintiffs* :
                       :
VS.                 :
                       :
HANOVER INSURANCE COMPANY,  :
    *Third-Party Defendant*     :

## <u>PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT</u>

Plaintiff, Richard Piotrowski, by and through his undersigned counsel, for his

Motion for Leave to File Amended Complaint, states as follows:

1.     On or about November 1, 2006, Plaintiff filed his Complaint in this matter

against Defendants, Mao M. Ian and Sui Mai, alleging negligence against said

Defendants due to an automobile accident which occurred on or about November 4,

2004. (See copy of Complaint attached hereto as *Exhibit "A"*).

2.     Subsequently, Defendants, by and through their counsel, filed an Answer

to said Complaint and a Third Party Complaint against Plaintiff employer's uninsured

motorist/underinsured motorist carrier, Hanover Insurance Company, alleging that a

phantom vehicle caused this accident and therefore, Plaintiff is only entitled to uninsured

motorist benefits. (See copy of Answer/Third Party Complaint attached hereto as *Exhibit*

*"B."*)

3.    At the time of the aforementioned automobile accident, Plaintiff was the permissive user of his employer's motor vehicle.

4.    At all times relevant hereto Plaintiff owned his own motor vehicle which was insured by Allstate Insurance Company.

5.    Plaintiff now seeks to amend his Complaint to add as Defendants, Hanover Insurance Company and Allstate Insurance Company respectively, so as to preserve and/or present an uninsured motorist claim and/or an underinsured motorist claim.

6.    Rule 8 of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> "(a)    Claims for Relief.  A pleading which sets forth a claim for relief,…., shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.  Relief in the alternative or of several different types may be demanded.
>
> (e)    Pleading to be Concise and Direct; Consistency.
>     (1)    Each averment of a pleading shall be simple, concise and direct.  No technical form of pleading or motions are required.
>
> (f)    Construction of Pleadings.  All pleadings shall be so construed to do substantial justice."

7.    Additionally, Rule 15 of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> "…a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." (emphasis added).

8.    In order to resolve any issues which the parties may have as to the negligence of Defendants, Mao M. Ian and Sui Mai, respectively, the interest of justice

requires, and Plaintiff now respectively requests, leave of this Court to amend its

Complaint to add as Defendants, Hanover Insurance Company, and Allstate Insurance

Company. (See copy of Plaintiff's Amended Complaint attached hereto as *Exhibit "C."*)

9.    Plaintiff's amendment of this Complaint will not prejudice either of the

Defendants, as it merely adds additional Defendants to the same cause of action currently

before this Honorable Court.

WHEREFORE, Plaintiff, Richard Piotrowski, respectfully requests this

Honorable Court grant his Motion for Leave to File Amended Complaint, and award

Plaintiff any and all additional relief which the Court deems just and appropriate under

the circumstances.

Respectfully submitted,

PHILLIPS, GOLDMAN & SPENCE, P.A.


BY:_____
        JAMES P. HALL, ESQUIRE
        1200 North Broom Street
        Wilmington, DE 19806
        Attorney for Plaintiff

AND

STAMPONE D'ANGELO RENZI DIPIERO

Nicholas J. Renzi, Esquire
500 Cottman Avenue
Cheltenham, PA 19012
Attorney for Plaintiff


Dated: July_31___, 2007

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2006 OCT 11 PH 2:41

RICHARD PIOTROWSKI
1006 12th Avenue
Ridley Park, PA 19076

    Plaintiff

vs.

MAO M. IAN
28 Cannon Run
Newark, Delaware 19702
    and
SUI MAI
28 Cannon Run
Newark, Delaware 19702

    Defendants

CIVIL ACTION NO.:

0 6 - 6 3 1

JURY TRIAL DEMANDED

## *COMPLAINT IN CIVIL ACTION*

### JURISDICTION:

Jurisdiction is founded upon diversity of citizenship of the parties and the amount in controversy pursuant to 28 U.S.C. Section 1332. Plaintiff is a citizen and a resident of the Commonwealth of Pennsylvania; the Defendant's, Mao M. Ian and Sui Mai, are alleged to be individuals and citizens of the State of Delaware. The amount in controversy exceeds $100,000.00, exclusive of interest and costs.

### FACTUAL ALLEGATIONS:

1. Plaintiff, Richard Piotrowski, is an adult individual and a citizen of the Commonwealth of Pennsylvania, residing therein at 1006 12th Street, Ridley Park, PA 19076.

2. Defendant, Mao M. Ian, is alleged and therefore averred to be an individual and citizen of the State of Delaware, residing therein at 28 Cannon Run, Newark, Delaware 19702.

3.  Defendant, Sui Mai, is alleged and therefore averred to be an individual and citizen of the State of Delaware, residing therein at 28 Cannon Run, Newark, Delaware 19702

4.  On or about November 4, 2004, at or about 5:40 p.m., Plaintiff, Richard Piotrowski, was lawfully operating his motor vehicle north on Route 13 in the right lane, approaching the intersection of Route 273, streets and highways in New Castle, Delaware, when he was then and there struck in the rear by the vehicle owned by defendant, Sui Mai, and being permissively operated by Defendant, Mao M. Ian.

5.  This accident resulted solely from the negligence, carelessness and recklessness of the aforementioned Defendants and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

6.  As a result of the aforesaid accident, Plaintiff, Richard Piotrowski, suffered injuries which are serious and permanent in nature, including, but not limited to: herniated disc at L5-S1; herniated lumbar disc at L4-5; herniated lumbar disc at L3-4; cervical disc bulge at C4-5; cervical disc protrusion at C5-6; cervical disc protrusion at C6-7; lumbar strain and sprain; cervical strain and sprain; thoracic strain and sprain; myofascitis; post concussion syndrome; contusions, abrasions and lacerations over various portions of his body; post traumatic anxiety and depression; severe damage to his nerves and nervous system; and various others ills and injuries which the plaintiff yet suffers and may continue to suffer for an indefinite time into the future.

7.  As a further result of the aforesaid accident, Plaintiff, Richard Piotrowski, has been obliged to receive and undergo medical attention and care and incur various and diverse expenses which the Plaintiff may continue to expend and incur for an indefinite time into the

future, all of which have or may exceed the sum and value recoverable under all applicable Delaware law.

8.    As a further result of the aforesaid accident, Plaintiff, Richard Piotrowski, has or may suffer a severe loss of his earnings and an impairment of his earning capacity and power all of which may continue indefinitely into the future and have or may exceed the sums and value recoverable under all applicable Delaware law.

9.    As a further result of the aforesaid accident, Plaintiff, Richard Piotrowski, has suffered severe physical pain and trauma, mental upset, anguish and humiliation and may continue to suffer same for an indefinite time into the future.

10.    As a further result of the aforesaid accident, the Plaintiff, Richard Piotrowski, has suffered a diminishment in his ability to enjoy life and life's pleasures, all of which he may continue to suffer same for an indefinite time into the future.

11.    As a further result of the aforesaid accident, the Plaintiff, Richard Piotrowski, has suffered damages to his motor vehicle and has occurred bills for towing, storage and replacement vehicle rental.

## COUNT I
## RICHARD PIOTROWSKI v. MAO M. IAN

12.    Plaintiff hereby incorporates by referenced Paragraphs 1 through 11 as if the same were herein set forth at length.

13.    The negligence, carelessness and recklessness of the Defendant, Mao M. Ian, consists of, but is not limited to the following:

    a.    failure to properly operate and control the motor vehicle so that it would not become a hazard to persons situated such as Plaintiff;

    b.    failure to apply the brakes to avoid an accident;

3

    c.      failure to yield the right way to Plaintiff's vehicle;

    d.      failure to keep a proper lookout;

    e.      operation of the vehicle at an excessive rate of speed under the circumstances;

    f.      following too close.

    g.      operation of vehicle in violation of the laws of the State of Delaware governing the operation of motor vehicles on its streets in highways;

    h.      negligence, carelessness and recklessness at law;

    i.      such other and further acts of negligence, carelessness and recklessness as will be developed by future discovery in this case.

14.      The negligence, carelessness and recklessness of the Defendant, Mao M. Ian, as set forth herein was the proximate and sole cause of the injuries and damages to the Plaintiff ad expenses incurred as set forth above.

WHEREFORE, Plaintiff, Richard Piotrowski, demands judgment against the Defendant, Mao M. Ian, for damages, interest and costs of suit in an amount in excess of One Hundred Thousand ($100,000.00) Dollars.

## COUNT II
## RICHARD PIOTROWSKI v. SUI MAI

15.      Plaintiff hereby incorporates by referenced Paragraphs 1 through 14 as if the same were herein set forth at length.

16.      The negligence, carelessness and recklessness of the Defendant, Sui Mai, consists of, but is not limited to the following:

a.    negligently entrusting a motor vehicle to one known to have the propensities for failure to properly operate and control the motor vehicle so that it would not become a hazard to persons situated such as Plaintiff;

b.    negligently entrusting a motor vehicle to one known to have the propensities for failure to apply the brakes to avoid an accident;

c.    negligently entrusting a motor vehicle to one known to have the propensities for failure to yield the right way to Plaintiff's vehicle;

d.    negligently entrusting a motor vehicle to one known to have the propensities for failure to keep a proper lookout;

e.    negligently entrusting a motor vehicle to one known to have the propensities for operation of the vehicle at an excessive rate of speed under the circumstances;

f.    negligently entrusting a motor vehicle to one known to have the propensities for following too close;

g.    negligently entrusting a motor vehicle to one known to have the propensities for operation of vehicle in violation of the laws of the State of Delaware governing the operation of motor vehicles on its streets in highways;

h.    negligence, carelessness and recklessness at law;

i.    such other and further acts of negligence, carelessness and recklessness as will be developed by future discovery in this case.

17.    The negligence, carelessness and recklessness of the Defendant, Sui Mai, as set forth herein was the proximate and sole cause of the injuries and damages to the Plaintiff ad expenses incurred as set forth above.

WHEREFORE, Plaintiff, Richard Piotrowski, demands judgment against the Defendant, Sui Mai, for damages, interest and costs of suit in an amount in excess of One Hundred Thousand ($100,000.00) Dollars.

Respectfully Submitted,

STAMPONE D'ANGELO RENZI DIPIERO

BY:_____

NICHOLAS J. RENZI, ESQUIRE
Attorney for Plaintiff
Attorney I.D. No.: 63060
500 Cottman Avenue
Cheltenham, PA 19012
(215) 663-0400

DATED:_____

*PIORI-1*

**DEC 11 2006**

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

RICHARD PIOTROWSKI,    :  C.A. No. 06-631
            :
  Plaintiff,       :
            :
 v.         :  **TRIAL BY JURY OF TWELVE**
            :  **DEMANDED**
MAO M. IAN and SUI MAI,   :
            :
  Defendants/Third-Party Plaintiffs, :
            :
 v.         :
            :
HANOVER INSURANCE COMPANY, :
            :
  Third-Party Defendant.   :

## <u>DEFENDANTS/THIRD PARTY PLAINTIFFS' ANSWER</u>
## <u>TO COMPLAINT WITH THIRD-PARTY COMPLAINT</u>

1. Admitted.

2. Answering Defendants are without sufficient knowledge to affirm or deny the averments of this

paragraph.

3. Admitted.

4. It is admitted only that a collision occurred between the vehicles.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10.    Denied.

11.    Denied.

## COUNT I
## RICHARD PIOTROWSKI v. MAO M. IAN

12.    Answering defendants incorporate herein by reference their responses to paragraphs 1 through

11.

13.    Denied.

14.    Denied.

## COUNT II
## RICHARD PIOTROWSKI V. SUI MAI

15.    Answering defendants incorporate herein by reference their responses to paragraphs 1 through

14.

16.    Denied.

17.    Denied.

**WHEREFORE,** Answering Defendants demand judgment in their favor and dismissal of

plaintiff's complaint with costs of this action assessed against the plaintiff.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEENSE

18.    Service of process if incomplete and improper.

### SECOND AFFIRMATIVE DEFENSE

19.    The claims asserted by plaintiff were proximately caused by an intervening and/or superseding

cause.

### THIRD AFFIRMATIVE DEFENSE

20.    The accident was unavoidable.

## FOURTH AFFIRMATIVE DEFENSE

21.    The accident was caused by a sudden emergency not of the answering defendants' making.

## FIFTH AFFIRMATIVE DEFENSE

22.    The complaint fails to join an indispensable party.

## SIXTH AFFIRMATIVE DEFENSE

23.    The injuries alleged preexisted the incident alleged in plaintiff's complaint or are otherwise not related to the alleged incident.

## SEVENTH AFFIRMATIVE DEFENSE

24.    Answering defendants deny any liability whatsoever. If found liable, however, the answering defendants contend that the accident and any resulting injuries were proximately caused by the negligence of the plaintiff in that he:

    a.    failed to maintain a proper lookout;

    b.    failed to maintain proper control of his vehicle;

    c.    was otherwise negligent.

To the extent that the negligence of the plaintiff is greater than the negligence of the answering defendants, recovery is barred. Otherwise, any award in favor of the plaintiff must be reduced by his pro rata share of liability.

**WHEREFORE,** Answering Defendants demand judgment in their favor and dismissal of plaintiff's complaint with costs of this action assessed against the plaintiff.

## THIRD-PARTY COMPLAINT

Defendant/Third Party Plaintiffs Ian M. Mao and Sui Mai, aver as follows:

1.      Defendant Third Party Plaintiffs have been sued by Plaintiff Richard Piotrowski. A copy of the Original Complaint is attached hereto as Exhibit A.

2.      Service can be made on Hanover Insurance Company through the Delaware Insurance Commissioner to 440 Lincoln Street, Worcester, MA 01653

3.      Hanover Insurance Company contracted with Plaintiff Richard Piotrowski to provide automobile insurance to Plaintiff for motor vehicle coverage including, pursuant to the Pennsylvania Statutory Law, uninsured motorist coverage.

4.      Defendant/Third Party Plaintiff, has denied liability to the Plaintiff for the matters alleged in the Plaintiff's Complaint, attached hereto as Exhibit A. However, Third Party Plaintiffs assert that if held responsible to the Plaintiff for any and sums whatsoever arising from the accident alleged in Exhibit A, then Third Party Plaintiff is entitled to indemnification and/or contribution from the Third Party Defendant.

5.      Third Party Plaintiffs assert that they are entitled to indemnification and /or contribution from Hanover Insurance Company, as Hanover stands in the shoes of a phantom vehicle and its operator that was the proximate cause of the alleged accident and injuries in the Original Complaint.

6.      Third Party Defendant, by and through Hanover Insurance Company, is entitled to indemnity and contribution for the negligence of the unknown phantom vehicle that pulled into the path of the Defendant/Third Party Plaintiff on US. Route 13 on or about November 4, 2004. The unknown phantom vehicle's operator was negligent in that he/she failed to keep control of the vehicle, failed to yield to oncoming traffic with the right of way, failed to remain stopped while entering a highway until it was safe to do so, and otherwise was careless and negligent in a manner proximately causing the accident alleged in the Original Complaint of the Plaintiff.

7.      As a result of the negligence of the phantom vehicle's operator, Defendant/Third Party Plaintiff

swerved to avoid the vehicle, and as a result contacted the vehicle of the Plaintiff. As a result, Third

Party Plaintiff has been caused to appear and answer for the allegations contained in the Original

Complaint.

**WHEREFORE**, to the extent the Defendants/Third Party Plaintiffs are found liable for any

amount of damages to the Plaintiff, then Third Party Plaintiff is entitled to indemnity and/or contribution

for any and all such amounts, plus costs and expenses associated and incurred as a result of defending

this claim.


                                 CHRISSINGER & BAUMBERGER

                                 /s/David L. Baumberger
                                 DAVID L. BAUMBERGER
                                 Attorney I.D. No. 2420
                                 Three Mill Road, Suite 301
                                 Wilmington, DE  19806
                                 (302) 777-0100
DATED:  December 11, 2006        Attorney for Defendants/Third-Party Plaintiffs

## CERTIFICATE OF SERVICE

I, **DAVID L. BAUMBERGER, ESQUIRE,** hereby certify that on this 5th day of December, 2006, I have had served electronically a true and correct copy of the attached *DEFENDANTS/THIRD PARTY PLAINTIFFS' ANSWER TO COMPLAINT AND THIRD-PARTY COMPLAINT* to the following:

> Nicholas J. Renzi, Esquire
> Stampone D'Angelo Renzi DiPiero
> 500 Cottman Avenue
> Cheltenham, PA 19012


**CHRISSINGER & BAUMBERGER**


/s/David L. Baumberger
DAVID L. BAUMBERGER
Attorney I.D. No. 2420
Three Mill Road, Suite 301
Wilmington, DE 19806
(302)777-0100
Attorney for Defendants/Third-Party Plaintiffs

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

RICHARD PIOTROWSKI                      :
1006 12th Avenue             :
Ridley Park, PA 19076,                 :
     *Plaintiff*    :
        :   CIVIL ACTION NO:  06-631
        :
   vs.    :
        :
MAO M. IAN                             :
28 Cannon Run                          :
Newark, Delaware 19702                 :
        :
AND                                    :
        :
SUI MAI                                :   JURY TRIAL DEMANDED
28 Cannon Run                          :
Newark, Delaware 19702                 :
        :
AND                                    :
        :
INSURANCE CORP. OF HANNOVER            :
500 Park Boulevard, Suite 1350         :
Itasca, Illinois 60143                 :
        :
AND                                    :
        :
ALLSTATE INSURANCE COMPANY             :
2775 Sanders Road                      :
Northbrook, Illinois  60062,           :
     *Defendants*   :

## AMENDED COMPLAINT IN CIVIL ACTION

### JURISDICTION:

Jurisdiction is founded upon diversity of citizenship of the parties and the amount

in controversy pursuant to 28 U.S.C. Section 1332.  Plaintiff is a citizen and a resident of

the Commonwealth of Pennsylvania; the Defendant's, Mao M. Ian and Sui Mai, are

alleged to be individuals and citizens of the State of Delaware. Defendant, Insurance Corporation of Hannover, is a corporation domiciled in the State of Illinois. Defendant, Allstate Insurance Company, is a corporation domiciled in the State of Illinois. The amount in controversy exceeds One Hundred Thousand ($100,000.00) Dollars, exclusive of interest and costs.

## FACTUAL ALLEGATIONS:

1.     Plaintiff, Richard Piotrowski, is an adult individual and a citizen of the Commonwealth of Pennsylvania, residing therein at 1006 12th Street, Ridley Park, Pennsylvania 19076.

2.     Defendant, Mao M. Ian, is alleged and therefore averred to be an individual and citizen of the State of Delaware, residing therein at 28 Cannon Run, Newark, Delaware 19702.

3.     Defendant, Sui Mai, is alleged and therefore averred to be an individual and citizen of the State of Delaware, residing therein at 28 Cannon Run, Newark, Delaware 19702.

4.     Defendant, Insurance Corporation of Hannover, is alleged and therefore averred to be a corporation domiciled in the State of Illinois with its principle place of business located therein at 500 Park Boulevard, Suite 1350, Itasca, Illinois 60143.

5.     Defendant, Allstate Insurance Company, is alleged and therefore averred to be a corporation domiciled in the State of Illinois with its principle place of business located therein at 2775 Sanders Road, Northbrook, Illinois 60062.

6.    On or about November 4, 2004, at or about 5:40 p.m., Plaintiff, Richard Piotrowski, was lawfully operating his motor vehicle north on Route 13 in the right lane, approaching the intersection of Route 273, streets and highways in New Castle, Delaware, when he was then and there struck in the rear by the vehicle owned by defendant, Sui Mai, and being permissively operated by Defendant, Mao M. Ian.

7.    At all times relevant hereto, Plaintiff, Richard Piotrowski was the permissive user of his employer's motor vehicle which was insured by Defendant, Insurance Company of Hannover, and which policy provided for uninsured and underinsured motorist benefits.

8.    At all times relevant hereto, Plaintiff, Richard Piotrowski, owned his own motor vehicle which was insured by Defendant, Allstate Insurance Company, and which policy provided for uninsured and underinsured motorist benefits.

9.    This accident resulted solely from the negligence, carelessness and recklessness of the aforementioned Defendants and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

10.    As a result of the aforesaid accident, Plaintiff, Richard Piotrowski, suffered injuries which are serious and permanent in nature, including, but not limited to: herniated disc at L5-S1; herniated lumbar disc at L4-5; herniated lumbar disc at L3-4; cervical disc bulge at C4-5; cervical disc protrusion at C5-6; cervical disc protrusion at C6-7; lumbar strain and sprain; cervical strain and sprain; thoracic strain and sprain; myofascitis; post concussion syndrome; contusions, abrasions and lacerations over various portions of his body; post traumatic anxiety and depression; severe damage to his

nerves and nervous system; and various others ills and injuries which the plaintiff yet suffers and may continue to suffer for an indefinite time into the future.

11.    As a further result of the aforesaid accident, Plaintiff, Richard Piotrowski, has been obliged to receive and undergo medical attention and care and incur various and diverse expenses which the Plaintiff may continue to expend and incur for an indefinite time into the future, all of which have or may exceed the sum and value recoverable under all applicable Delaware law.

12.    As a further result of the aforesaid accident, Plaintiff, Richard Piotrowski, has or may suffer a severe loss of his earnings and an impairment of his earning capacity and power all of which may continue indefinitely into the future and have or may exceed the sums and value recoverable under all applicable Delaware law.

13.    As a further result of the aforesaid accident, Plaintiff, Richard Piotrowski, has suffered severe physical pain and trauma, mental upset, anguish and humiliation and may continue to suffer same for an indefinite time into the future.

14.    As a further result of the aforesaid accident, the Plaintiff, Richard Piotrowski, has suffered a diminishment in his ability to enjoy life and life's pleasures, all of which he may continue to suffer same for an indefinite time into the future.

15.    As a further result of the aforesaid accident, the Plaintiff, Richard Piotrowski, has suffered damages to his motor vehicle and has occurred bills for towing, storage and replacement vehicle rental.

## COUNT I
## RICHARD PIOTROWSKI v. MAO M. IAN

16.    Plaintiff hereby incorporates by referenced Paragraphs 1 through 15 as if the same were herein set forth at length.

17.    The negligence, carelessness and recklessness of the Defendant, Mao M. Ian, consists of, but is not limited to the following:

a.    failure to properly operate and control the motor vehicle so that it would not become a hazard to persons situated such as Plaintiff;

b.    failure to apply the brakes to avoid an accident;

c.    failure to yield the right way to Plaintiff's vehicle;

d.    failure to keep a proper lookout;

e.    operation of the vehicle at an excessive rate of speed under the circumstances;

f.    following too close.

g.    operation of vehicle in violation of the laws of the State of Delaware governing the operation of motor vehicles on its streets in highways;

h.    negligence, carelessness and recklessness at law;

i.    such other and further acts of negligence, carelessness and recklessness as will be developed by future discovery in this case.

18.    The negligence, carelessness and recklessness of the Defendant, Mao M. Ian, as set forth herein was the proximate and sole cause of the injuries and damages to the Plaintiff ad expenses incurred as set forth above.

WHEREFORE, Plaintiff, Richard Piotrowski, demands judgment against the Defendant, Mao M. Ian, for damages, interest and costs of suit in an amount in excess of One Hundred Thousand ($100,000.00) Dollars.

## COUNT II
## RICHARD PIOTROWSKI v. SUI MAI

19.    Plaintiff hereby incorporates by referenced Paragraphs 1 through 17 as if

the same were herein set forth at length.

20.    The negligence, carelessness and recklessness of the Defendant, Sui Mai, consists of, but is not limited to the following:

a.    negligently entrusting a motor vehicle to one known to have the propensities for failure to properly operate and control the motor vehicle so that it would not become a hazard to persons situated such as Plaintiff;

b.    negligently entrusting a motor vehicle to one known to have the propensities for failure to apply the brakes to avoid an accident;

c.    negligently entrusting a motor vehicle to one known to have the propensities for failure to yield the right way to Plaintiff's vehicle;

d.    negligently entrusting a motor vehicle to one known to have the propensities for failure to keep a proper lookout;

e.    negligently entrusting a motor vehicle to one known to have the propensities for operation of the vehicle at an excessive rate of speed under the circumstances;

f.    negligently entrusting a motor vehicle to one known to have the propensities for following too close;

g.    negligently entrusting a motor vehicle to one known to have the propensities for operation of vehicle in violation of the laws of the State of Delaware governing the operation of motor vehicles on its streets in highways;

h.    negligence, carelessness and recklessness at law;

i.    such other and further acts of negligence, carelessness and recklessness as will be developed by future discovery in this case.

21.    The negligence, carelessness and recklessness of the Defendant, Sui Mai, as set forth herein was the proximate and sole cause of the injuries and damages to the Plaintiff ad expenses incurred as set forth above.

WHEREFORE, Plaintiff, Richard Piotrowski, demands judgment against the Defendant, Sui Mai, for damages, interest and costs of suit in an amount in excess of One Hundred Thousand ($100,000.00) Dollars.

## COUNT III
## RICHARD PIOTROWSKI VS. INSURANCE CORPORATION OF HANNOVER

22.    Plaintiff hereby incorporates by referenced Paragraphs 1 through 20 as if the same were herein set forth at length.

23.    Defendants, Mao M. Ian and Sui Mai, have alleged that a phantom vehicle was solely responsible for the aforementioned automobile accident.

24.    If Defendants are correct then Plaintiff is entitled to uninsured motorist benefits under the terms of the automobile policy issued to Plaintiffs employer by Defendant, Insurance Corporation of Hannover, which policy was in full force and effect at the time of the aforementioned automobile accident.

25.    In the alternative, if Defendants, Mao M. Ian and Sui Mai, are found to be negligent, then Plaintiff may be entitled to underinsured motorist benefits under the Hanover automobile insurance policy.

WHEREFORE, Plaintiff, Richard Piotrowski, demands judgment against Defendant, Insurance Corporation of Hannover, for uninsured motorist benefits, for such sums as the Court deems just and proper under the circumstances, together with interests

and costs of suit in an amount in excess of One Hundred Thousand ($100,000.00) Dollars.

IN THE ALTERNATIVE, Plaintiff, Richard Piotrowski, demands judgment against Defendant, Insurance Corporation of Hannover, for underinsured motorist benefits, for such sums as the Court deems just and proper under the circumstances, together with interests and costs of suit in an amount in excess of One Hundred Thousand ($100,000.00) Dollars.

## COUNT IV
## RICHARD PIOTROWSKI VS. ALLSTATE INSURANCE COMPANY

26.    Plaintiff hereby incorporates by referenced Paragraphs 1 through 24 as if the same were herein set forth at length.

27.    Defendants, Mao M. Ian and Sui Mai, have alleged that a phantom vehicle was solely responsible for the aforementioned automobile accident.

28.    If Defendants are correct then Plaintiff is entitled to uninsured motorist benefits under the terms of the automobile policy issued to Plaintiffs employer by Defendant, Allstate Insurance Company, which policy was in full force and effect at the time of the aforementioned automobile accident.

29.    In the alternative, if Defendants, Mao M. Ian and Sui Mai, are found to be negligent, then Plaintiff may be entitled to underinsured motorist benefits under the Allstate Insurance automobile insurance policy.

WHEREFORE, Plaintiff, Richard Piotrowski, demands judgment against Defendant, Allstate Insurance Company, for uninsured motorist benefits, for such sums as the Court deems just and proper under the circumstances, together with interests and costs of suit in an amount in excess of One Hundred Thousand ($100,000.00) Dollars.

IN THE ALTERNATIVE, Plaintiff, Richard Piotrowski, demands judgment against Defendant, Allstate Insurance Company, for underinsured motorist benefits, for such sums as the Court deems just and proper under the circumstances, together with interests and costs of suit in an amount in excess of One Hundred Thousand ($100,000.00) Dollars.

Respectfully Submitted,

PHILLIPS, GOLDMAN & SPENCE, P.A.

_____

JAMES P. HALL, ESQUIRE
1200 North Broom Street
Wilmington, DE 19806
Attorney for Plaintiff

AND

STAMPONE D'ANGELO RENZI DIPIERO

Nicholas J. Renzi, Esquire
500 Cottman Avenue
Cheltenham, PA 19012
Attorney for Plaintiff

DATED:_____