UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD PIOTROWSKI<br>1006 12th Avenue<br>Ridley Park, PA 19076,<br>　　　　*Plaintiff*<br><br>　　vs.<br><br>MAO M. IAN<br>28 Cannon Run<br>Newark, Delaware 19702<br><br>AND<br><br>SUI MAI<br>28 Cannon Run<br>Newark, Delaware 19702<br><br>AND<br><br>INSURANCE CORP. OF HANNOVER<br>500 Park Boulevard, Suite 1350<br>Itasca, Illinois 60143<br><br>AND<br><br>ALLSTATE INSURANCE COMPANY<br>2775 Sanders Road<br>Northbrook, Illinois  60062,<br>　　　　*Defendants* | CIVIL ACTION NO:  06-631<br><br><br><br><br><br>JURY TRIAL DEMANDED |

### AMENDED COMPLAINT IN CIVIL ACTION

### JURISDICTION:

Jurisdiction is founded upon diversity of citizenship of the parties and the amount in controversy pursuant to 28 U.S.C. Section 1332.  Plaintiff is a citizen and a resident of the Commonwealth of Pennsylvania; the Defendant's, Mao M. Ian and Sui Mai, are alleged to be individuals and citizens of the State of Delaware.  Defendant, Insurance Corporation of Hannover, is a corporation domiciled in the State of Illinois.  Defendant,

Allstate Insurance Company, is a corporation domiciled in the State of Illinois. The amount in controversy exceeds One Hundred Thousand ($100,000.00) Dollars, exclusive of interest and costs.

### FACTUAL ALLEGATIONS:

1. Plaintiff, Richard Piotrowski, is an adult individual and a citizen of the Commonwealth of Pennsylvania, residing therein at 1006 12th Street, Ridley Park, Pennsylvania 19076.

2. Defendant, Mao M. Ian, is alleged and therefore averred to be an individual and citizen of the State of Delaware, residing therein at 28 Cannon Run, Newark, Delaware 19702.

3. Defendant, Sui Mai, is alleged and therefore averred to be an individual and citizen of the State of Delaware, residing therein at 28 Cannon Run, Newark, Delaware 19702.

4. Defendant, Insurance Corporation of Hannover, is alleged and therefore averred to be a corporation domiciled in the State of Illinois with its principle place of business located therein at 500 Park Boulevard, Suite 1350, Itasca, Illinois 60143.

5. Defendant, Allstate Insurance Company, is alleged and therefore averred to be a corporation domiciled in the State of Illinois with its principle place of business located therein at 2775 Sanders Road, Northbrook, Illinois 60062.

6. On or about November 4, 2004, at or about 5:40 p.m., Plaintiff, Richard Piotrowski, was lawfully operating his motor vehicle north on Route 13 in the right lane, approaching the intersection of Route 273, streets and highways in New Castle,

Delaware, when he was then and there struck in the rear by the vehicle owned by defendant, Sui Mai, and being permissively operated by Defendant, Mao M. Ian.

7. <u>At all times relevant hereto, Plaintiff, Richard Piotrowski was the permissive user of his employer's motor vehicle which was insured by Defendant, Insurance Company of Hannover, and which policy provided for uninsured and underinsured motorist benefits.</u>

8. <u>At all times relevant hereto, Plaintiff, Richard Piotrowski, owned his own motor vehicle which was insured by Defendant, Allstate Insurance Company, and which policy provided for uninsured and underinsured motorist benefits.</u>

9. This accident resulted solely from the negligence, carelessness and recklessness of the aforementioned Defendants and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

10. As a result of the aforesaid accident, Plaintiff, Richard Piotrowski, suffered injuries which are serious and permanent in nature, including, but not limited to: herniated disc at L5-S1; herniated lumbar disc at L4-5; herniated lumbar disc at L3-4; cervical disc bulge at C4-5; cervical disc protrusion at C5-6; cervical disc protrusion at C6-7; lumbar strain and sprain; cervical strain and sprain; thoracic strain and sprain; myofascitis; post concussion syndrome; contusions, abrasions and lacerations over various portions of his body; post traumatic anxiety and depression; severe damage to his nerves and nervous system; and various others ills and injuries which the plaintiff yet suffers and may continue to suffer for an indefinite time into the future.

11. As a further result of the aforesaid accident, Plaintiff, Richard Piotrowski,

has been obliged to receive and undergo medical attention and care and incur various and diverse expenses which the Plaintiff may continue to expend and incur for an indefinite time into the future, all of which have or may exceed the sum and value recoverable under all applicable Delaware law.

12. As a further result of the aforesaid accident, Plaintiff, Richard Piotrowski, has or may suffer a severe loss of his earnings and an impairment of his earning capacity and power all of which may continue indefinitely into the future and have or may exceed the sums and value recoverable under all applicable Delaware law.

13. As a further result of the aforesaid accident, Plaintiff, Richard Piotrowski, has suffered severe physical pain and trauma, mental upset, anguish and humiliation and may continue to suffer same for an indefinite time into the future.

14. As a further result of the aforesaid accident, the Plaintiff, Richard Piotrowski, has suffered a diminishment in his ability to enjoy life and life's pleasures, all of which he may continue to suffer same for an indefinite time into the future.

15. As a further result of the aforesaid accident, the Plaintiff, Richard Piotrowski, has suffered damages to his motor vehicle and has occurred bills for towing, storage and replacement vehicle rental.

## COUNT I

### RICHARD PIOTROWSKI v. MAO M. IAN

16. Plaintiff hereby incorporates by referenced Paragraphs 1 through 15 as if the same were herein set forth at length.

17. The negligence, carelessness and recklessness of the Defendant, Mao M. Ian, consists of, but is not limited to the following:

      a.    failure to properly operate and control the motor vehicle so that it would not become a hazard to persons situated such as Plaintiff;

      b.    failure to apply the brakes to avoid an accident;

      c.    failure to yield the right way to Plaintiff's vehicle;

      d.    failure to keep a proper lookout;

      e.    operation of the vehicle at an excessive rate of speed under the circumstances;

      f.    following too close.

      g.    operation of vehicle in violation of the laws of the State of Delaware governing the operation of motor vehicles on its streets in highways;

      h.    negligence, carelessness and recklessness at law;

      i.    such other and further acts of negligence, carelessness and recklessness as will be developed by future discovery in this case.

18.    The negligence, carelessness and recklessness of the Defendant, Mao M. Ian, as set forth herein was the proximate and sole cause of the injuries and damages to the Plaintiff ad expenses incurred as set forth above.

WHEREFORE, Plaintiff, Richard Piotrowski, demands judgment against the Defendant, Mao M. Ian, for damages, interest and costs of suit in an amount in excess of One Hundred Thousand ($100,000.00) Dollars.

## COUNT II

## RICHARD PIOTROWSKI v. SUI MAI

19.    Plaintiff hereby incorporates by referenced Paragraphs 1 through 17 as if the same were herein set forth at length.

20. The negligence, carelessness and recklessness of the Defendant, Sui Mai, consists of, but is not limited to the following:

    a. negligently entrusting a motor vehicle to one known to have the propensities for failure to properly operate and control the motor vehicle so that it would not become a hazard to persons situated such as Plaintiff;

    b. negligently entrusting a motor vehicle to one known to have the propensities for failure to apply the brakes to avoid an accident;

    c. negligently entrusting a motor vehicle to one known to have the propensities for failure to yield the right way to Plaintiff's vehicle;

    d. negligently entrusting a motor vehicle to one known to have the propensities for failure to keep a proper lookout;

    e. negligently entrusting a motor vehicle to one known to have the propensities for operation of the vehicle at an excessive rate of speed under the circumstances;

    f. negligently entrusting a motor vehicle to one known to have the propensities for following too close;

    g. negligently entrusting a motor vehicle to one known to have the propensities for operation of vehicle in violation of the laws of the State of Delaware governing the operation of motor vehicles on its streets in highways;

    h. negligence, carelessness and recklessness at law;

    i. such other and further acts of negligence, carelessness and recklessness as will be developed by future discovery in this case.

21.  The negligence, carelessness and recklessness of the Defendant, Sui Mai, as set forth herein was the proximate and sole cause of the injuries and damages to the Plaintiff ad expenses incurred as set forth above.

WHEREFORE, Plaintiff, Richard Piotrowski, demands judgment against the Defendant, Sui Mai, for damages, interest and costs of suit in an amount in excess of One Hundred Thousand ($100,000.00) Dollars.

## COUNT III

### RICHARD PIOTROWSKI VS. INSURANCE CORPORATION OF HANNOVER

22.  Plaintiff hereby incorporates by referenced Paragraphs 1 through 20 as if the same were herein set forth at length.

23.  Defendants, Mao M. Ian and Sui Mai, have alleged that a phantom vehicle was solely responsible for the aforementioned automobile accident.

24.  If Defendants are correct then Plaintiff is entitled to uninsured motorist benefits under the terms of the automobile policy issued to Plaintiffs employer by Defendant, Insurance Corporation of Hannover, which policy was in full force and effect at the time of the aforementioned automobile accident.

25.  In the alternative, if Defendants, Mao M. Ian and Sui Mai, are found to be negligent, then Plaintiff may be entitled to underinsured motorist benefits under the Hanover automobile insurance policy.

WHEREFORE, Plaintiff, Richard Piotrowski, demands judgment against Defendant, Insurance Corporation of Hannover, for uninsured motorist benefits, for such sums as the Court deems just and proper under the circumstances, together with interests

and costs of suit in an amount in excess of One Hundred Thousand ($100,000.00) Dollars.

IN THE ALTERNATIVE, Plaintiff, Richard Piotrowski, demands judgment against Defendant, Insurance Corporation of Hannover, for underinsured motorist benefits, for such sums as the Court deems just and proper under the circumstances, together with interests and costs of suit in an amount in excess of One Hundred Thousand ($100,000.00) Dollars.

## COUNT IV

### RICHARD PIOTROWSKI VS. ALLSTATE INSURANCE COMPANY

26. Plaintiff hereby incorporates by referenced Paragraphs 1 through 24 as if the same were herein set forth at length.

27. Defendants, Mao M. Ian and Sui Mai, have alleged that a phantom vehicle was solely responsible for the aforementioned automobile accident.

28. If Defendants are correct then Plaintiff is entitled to uninsured motorist benefits under the terms of the automobile policy issued to Plaintiffs employer by Defendant, Allstate Insurance Company, which policy was in full force and effect at the time of the aforementioned automobile accident.

29. In the alternative, if Defendants, Mao M. Ian and Sui Mai, are found to be negligent, then Plaintiff may be entitled to underinsured motorist benefits under the Allstate Insurance automobile insurance policy.

WHEREFORE, Plaintiff, Richard Piotrowski, demands judgment against Defendant, Allstate Insurance Company, for uninsured motorist benefits, for such sums

as the Court deems just and proper under the circumstances, together with interests and costs of suit in an amount in excess of One Hundred Thousand ($100,000.00) Dollars.

IN THE ALTERNATIVE, Plaintiff, Richard Piotrowski, demands judgment against Defendant, Allstate Insurance Company, for underinsured motorist benefits, for such sums as the Court deems just and proper under the circumstances, together with interests and costs of suit in an amount in excess of One Hundred Thousand ($100,000.00) Dollars.

    Respectfully Submitted,

    PHILLIPS, GOLDMAN & SPENCE, P.A.

    _____
    JAMES P. HALL, ESQUIRE
    1200 North Broom Street
    Wilmington, DE  19806
    Attorney for Plaintiff

    AND

    STAMPONE D'ANGELO RENZI DIPIERO

    Nicholas J. Renzi, Esquire
    500 Cottman Avenue
    Cheltenham, PA  19012
    Attorney for Plaintiff

DATED: 9/19/07

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of     Delaware

Richard Piotrowski

**SUMMONS IN A CIVIL CASE**

V.

Mao M. Ian, et al.

CASE NUMBER:    06-631

Jury Trial Demanded

TO: (Name and address of Defendant)

AllState Insurance Company
2775 Sanders Road
Northbrook, Illinois 60062

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

James P. Hall, Esquire
Phillips Goldman & Spence
1200 N. Broom Street
Wilmington, DE 19806

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK                                                  DATE

(By) DEPUTY CLERK

%AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____
_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
  Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____
_____
_____

☐ Other (specify): _____
_____
_____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                    Date                              *Signature of Server*

                                  _____
                                              *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

⚖AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____Delaware_____

Richard Piotrowski
1006 12th Avenue
Ridley Park PA        V.

Mao M. Ian, Et. Al.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 06-631

Jury Trial Demanded

TO: (Name and address of Defendant)

Insurance Corp. of Hanover
500 Park Boulevard, Suite 1350
Itasca, Illinois 60143

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

James P. Hall, Esquire
Phillips Goldman & Spence
1200 N. Broom Street
Wilmington, DE 19806

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE

(By) DEPUTY CLERK

⊗AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE |||
|---|---|---|
| Service of the Summons and complaint was made by me[(1)] || DATE |
| NAME OF SERVER *(PRINT)* || TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____
_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____
_____
_____

☐ Other (specify): _____
_____
_____

| STATEMENT OF SERVICE FEES |||
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                   Date                        *Signature of Server*

                                    _____
                                          *Address of Server*

---

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.